Luz María Sampedro Widow of Fournier, Petitioner and Appellee, *v.* Carmen Fournier Carrión, et al., Oppositors and Appellants.

No. 9891. Argued December 14, 1948.—Decided February 24, 1949.

*E. Martínez Rivera,* and *L. Blanco Lugo* for appellants. *Ricardo La Costa, Jr., Mariano Acosta Velarde,* and *Daniel Pellón Lafuente,* for appellee. *Félix Ochoteco, Jr.,* for Dolores Sampedro and Ramón Antonio Fournier Sampedro. *Otero Suro & Otero Suro* for Alicia Fournier Carrión.

Mr. Chief Justice De Jesús delivered the opinion of the Court.

This is an appeal from a decision of the lower court appointing Luz María Sampedro widow of Fournier permanent judicial administratrix of the estate left by her husband Ramón Fournier. Some of the heirs of Fournier appealed from the decision. The appellee prays for the dismissal of the appeal on the ground that a decision appointing a judicial administrator is not appealable.

This question has been decided by this Court on several occasions but there is a lack of uniformity in our decisions on the subject.[1] Hence we shall go over the question again.

544

 An appeal is a statutory right, that is, there is no right of appeal in the absence of a statute granting it. The Code of Civil Procedure does not expressly provide that a decision appointing a judicial administrator is appealable. This being so, we must resort to § 295 of the Code of Civil Procedure [2] which sets forth the three cases when an appeal may be taken to this Court from judgments or decisions of district courts. Evidently, the decision herein is not covered by any of the cases specifically mentioned in subdivision 3 of said Section, neither is it comprised in subdivision 2 thereof. Consequently, the question before us boils down to determining whether said decision is covered by subdivision 1. For this to be so, the decision must be a final judgment or order in an action or special proceeding.

---

[1] Thus we see that in *Rivera v. Cámara*, 17 P.R.R. 503, which involved an appeal from a decision denying a motion to set aside the appointment of a judicial administrator, it was said:

"Such decision is appealable because it has adjudicated definitely the question of whether or not the judicial administrator may be appointed at the instance of Ignacio Rivera over the objection made by Cámara to such appointment." (p. 507.)

In *Díaz et al. v. Cividanes*, 23 P.R.R. 787, an appeal was taken from a decision denying the appointment of a judicial administrator. The court reversed the decision, but the question as to whether the decision was appealable was not raised. The same happened in *Sabater v. Escudero*, 23 P.R.R. 794.

In *Martínez v. Crosas*, 25 P.R.R. 735, it was said:

"Without considering whether the said order is appealable or not, [appointment of judicial administrator] we are of the opinion that if appealable it would be only in one single aspect." (p. 737.)

In *In re Franceschi*, 44 P.R.R. 624, although it treated of the appointment of an arbitrator within an administration proceeding, this Court said that such appointment did not fall within the purview of subdivision 3 of § 295 because it was not a special order made after final judgment, *inasmuch as the appointment of a judicial administrator is not a judgment definitely terminating the judicial administration.*

In *Ex parte Rivera*, 53 P.R.R. 382, it was held that the judgment which puts an end to the administration proceeding is the final order, either approving the account as rendered by the administrator or modifying it.

And, lastly, in *Ex parte Detrés*, 66 P.R.R. 476, we held that an order appointing a judicial administrator has the character of a final decision

The appointment of a permanent judicial administrator does not put an end to a controversy. That order is merely the beginning of the administration proceeding which is brought to an end with the final order approving or modifying the account presented by the administrator. Hence § 590 of the Code of Civil Procedure expressly provides that the order approving or modifying the account of the administrator is a final order from which an appeal may be taken. If the Legislature had intended to grant the right of appeal to review an order appointing a permanent judicial administrator, it could have easily said so, as it did, in the aforesaid § 590 which deals with the approval of the final account.

Comparing §§ 564 and 590 of our Code of Civil Procedure with §§ 975 and 1014 of the Law of Civil Procedure for Cuba and Puerto Rico, approved by the Royal Decree of September 25 of 1885 and reformed by that of August 21, 1896, we shall notice that the provisions of our Code are inspired in the aforesaid Sections of the Law of 1885.[3] In decisions of the Supreme Court of Spain of June 27, 1892 and Feb-

---

rendered in a special proceeding and is appealable under the provisions of subdivision 1 of § 295 of the Code of Civil Procedure.

[2] Section 295 of the Code of Civil Procedure provides:

"Section 295.—An appeal may be taken to the Supreme Court from a District Court:

"1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment.

"2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars ($300).

"3. From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of the place of trial; from any special order made after final judgment; and from an interlocutory judgment in actions for partition of real property, within ten days after the order or interlocutory judgment is made and entered on the minutes of the court or filed with the secretary."

ruary 13, 1915, vol. 71 *Jur. Civ.* 851 and 132 *Jur. Civ.* 461, respectively, in harmony with the theory we have stated above, it is held that the order appointing a judicial administrator is not conclusive in its character, and, therefore, the right to seek the annulment of judgment (*casación*) does not lie.

The foregoing reasons lead us to the conclusion that the order in the instant case is not appealable. The cases of

---

[3] Sections 564 and 590 of our Code of Civil Procedure, respectively, provide:

"Section 564.—On the day and hour designated in the summons the judge after hearing, in person or by their counsel, the parties who appear, shall appoint an administrator. The judge may appoint the surviving spouse, or the party having the largest interest in the inheritance or in the estate, if he or she have the necessary capacity for the discharge of the duties of administrator, or if such capacity be wanting, or if the interest of all be equal, or objections be made to such appointment, the judge shall appoint a stranger of well-known integrity and capacity."

"Section 590.—The district court shall make a final order, either approving the account as rendered, or modifying and amending it, and charging the executor or administrator as law may require, and an appeal may be taken from such final order."

And §§ 975 and 1014 of the Law of Civil Procedure for Cuba and Puerto Rico of 1885 provide:

"Sec. 975.—In such cases, should there be a surviving spouse, who was cohabiting with the deceased at the time of death, the same shall be appointed depositary-administrator, and as soon as an inventory of the property has been made, it shall be delivered to said depositary-administrator as such, removing the seals and locks as the delivery is made.

"No bond shall be required when, in the judgment of the judge, the said depositary administrator has sufficient property of his or her own to guarantee that which does not belong to him or her. Otherwise he or she must furnish security in such sum as the judge may fix.

"If there be no surviving spouse with legal capacity to administer the property, this office shall be given to another person, and the provisions of articles 966 and 967 shall be observed." (War Department Translation)

"Section 1014.—If the accounts should be impugned at the proper time, said objections shall be heard and determined before the administrator, according to the procedure prescribed for incidental issues.

"*From the ruling terminating this issue an appeal may be taken both for review and a stay of proceedings.* From that rendered by the audiencia an appeal for annulment of judgment lies." (Italics ours.) (War Department Translation)

*Rivera* v. *Cámara,* 17 P.R.R. 503, and *Ex parte Detrés,* 66 P.R.R. 476, holding a contrary view should be regarded as overruled.

The appeal is dismissed.

Mr. Justice Marrero and Mr. Justice Negrón Fernández did not participate herein.